IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

10x GENOMICS, INC. and PROGNOSYS          )
BIOSCIENCES, INC.                         )
                                          )
                    Plaintiff,            )
                                          )        C.A. No. 25-1286-MN
          v.                              )
                                          )        **JURY TRIAL DEMANDED**
ILLUMINA, INC.,                           )
                                          )
                    Defendant.            )

## DEFENDANT ILLUMINA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Defendant Illumina, Inc. ("Illumina" or "Defendant") answers and responds to each of the allegations in the Complaint for Patent Infringement ("Complaint") of 10x Genomics, Inc. ("10x") and Prognosys Biosciences, Inc. ("Prognosys") (collectively, "Plaintiffs").  Unless expressly admitted, Illumina denies each and every allegation in Plaintiffs' Complaint.  To the extent the allegations in the Complaint purport to characterize the nature or contents of the Exhibits to the Complaint, Illumina lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.  Additionally, to the extent that the headings or any other non-numbered statements in the Complaint contain any allegations, Illumina denies each and every such allegation.

## NATURE OF THE ACTION

1.     Illumina admits that the Complaint purports to state a claim for patent infringement of United States Patent Nos. 11,008,607 (the "607 Patent"), 11,549,138 (the "138 Patent"), 12,234,505 (the "505 Patent"), and 12,297,487 (the "487 Patent"), arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271.  Except as so admitted, Illumina denies any remaining allegations in paragraph 1.

## THE PARTIES

2.      Illumina admits that public records identify 10x as a Delaware corporation, with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.  Illumina lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 2 and therefore denies them.

3.      Denied.

4.      Illumina admits that public records identify that Prognosys is a Delaware corporation, with its principal place of business at 3960 West Point Loma Boulevard, Suite H, PMB 41250, San Diego, CA 92110.  Illumina lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4 and therefore denies them.

5.      Illumina admits that it is a company organized under the laws of the State of Delaware.  Illumina further admits its principal place of business is in San Diego, California.  Except as so admitted, Illumina denies the remaining allegations in paragraph 5.

6.      Denied.

## JURISDICTION AND VENUE

7.      Illumina incorporates by reference and restates its responses to paragraphs 1–6 of the Complaint as though fully set forth herein.

8.      Illumina admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271.  Illumina further admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Illumina admits that it is a Delaware corporation and that venue is proper in this District.  Except as so admitted, Illumina denies any remaining allegations of paragraph 9.

## BACKGROUND

### A.  10x

10.      Illumina admits that 10x is a life sciences technology company.  The remainder of paragraph 10 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

11.      Illumina admits that 10x sells single-cell analysis solutions under the Chromium platform. The remainder of Paragraph 11 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12.      Illumina admits that 10x sells single-cell analysis solutions under the Chromium platform. The remainder of Paragraph 12 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

13.      Illumina admits that spatial transcriptomics generally provides a topographical arrangement of gene expression patterns mapped onto tissue sections to link structure and activity. The remainder of paragraph 13 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

14.      Illumina admits that 10x acquired Spatial Transcriptomics AB, and after the acquisition, launched the Visium Platform.  Illumina further admits that a transcriptome generally includes RNA molecules within an organism.  The remainder of paragraph 14 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is

required, Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.

15.    Illumina admits that 10x sells a product known as Visum Spatial Gene Expression Solution.  The remainder of paragraph 15 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16.    Illumina admits that 10x sells a product known as Visum Spatial Gene Expression Solution.  Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies them.

17.    Illumina admits that 10x sells a product known as Visum Spatial Gene Expression Solution.  Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies them.

18.    Illumina admits that in 2024, 10x announced the commercial availability of its Visium HD Spatial Gene Expression product.  The remainder of paragraph 18 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19.    Illumina admits that Mark Chee co-founded Illumina in 1998 and that he was the former Vice President of Genomics at Illumina.  Illumina further admits that Dr. Chee was the Director of Genetics Research at Affymetrix.  The remainder of Paragraph 19 of the Complaint contains statements of opinion to which no response is required.  To the extent a response is required, Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

**B. Illumina**

20.    Illumina admits the quoted language in Paragraph 20 appears in the Illumina press release,  found at https://www.illumina.com/company/news-center/press-releases/2025/10a7ec49-da37-40d8-8aff-0e8e149b9534.html.  The Illumina press release speaks for itself, and Plaintiffs' characterizations of the article are statements of opinion to which no response is required.  To the extent, however, a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 20.

21.    Illumina admits that the excerpted figure is currently found in the document accessible via the URL identified in Paragraph 21.    The Illumina poster, found at https://emea.illumina.com/content/dam/illumina/gcs/assembled-assets/marketing-literature/agbt-posters-2025/spatial-kidney-agbt-2025-poster-sp-00652.pdf, speaks for itself, and Plaintiffs' characterizations of the poster are statements of opinion to which no response is required.  To the extent, however, a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 21.

22.    Illumina admits that Michal Lipinski is a senior research scientists at the Broad Institute.  Illumina further admits that Lipinski made a presentation pertaining to Illumina's spatial technology at the AGBT conference in 2025.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 22.

23.    Illumina admits that Michal Lipinski is a senior research scientists at the Broad Institute.  Illumina further admits that Lipinski made a presentation pertaining to Illumina's spatial technology at the AGBT conference in 2025.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 23.

24.     Illumina admits that the excerpted figures are currently found in the document accessible via the URL (https://www.illumina.com/techniques/sequencing/rna-sequencing/spatial-transcriptomics/technology.html#:~:text=How%20Illumina%20spatial%20technology%20works,to%20large%2Dscale%20research%20projects) identified in Paragraph 24. The Illumina website, found at https://www.illumina.com/techniques/sequencing/rna-sequencing/spatial-transcriptomics/technology.html#:~:text=How%20Illumina%20spatial%20technology%20works,to%20large%2Dscale%20research%20projects, speaks for itself, and Plaintiffs' characterizations of the website are statements of opinion to which no response is required. To the extent, however, a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations. The Illumina website found at https://www.illumina.com/company/video-hub/wX_t-ChQkUU.html, speaks for itself, and Plaintiffs' characterizations of the website are statements of opinion to which no response is required. To the extent, however, a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations. Except as so admitted, Illumina denies any remaining allegations of Paragraph 24.

25.     Illumina admits that the excerpted figures are Figures 1A, 1B, and 4A of WO2025/145013 (the "013 Publication"), which is assigned to Illumina. Illumina admits the quoted language in Paragraph 25 appears in the 013 Publication. The 013 Publication speaks for itself, and Plaintiffs' characterizations of the patent publication are statements of opinion to which no response is required. To the extent, however, a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations. Except as so admitted, Illumina denies any remaining allegations of Paragraph 25.

26.     Illumina denies that it infringes any of the Asserted Patents.  The Genomeweb website,     https://www.genomeweb.com/sequencing/illumina-reveals-spatial-biology-method-offering-transcriptome-view-tissues-cellular, speaks for itself and Plaintiffs' characterizations of the website are statements of opinion to which no response is required.  To the extent, however, a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations.  Illumina's websites (https://www.illumina.com/company/news-center/press-releases/2025/10a7ec49-da37-40d8-8aff-0e8e149b9534.html.)                        and (https://www.illumina.com/techniques/sequencing/rna-sequencing/spatial-transcriptomics/technology.html#accordion-8e27cd0369-item-e9d354ff77), speak for themselves and Plaintiffs' characterizations of the websites are statements of opinion to which no response is required.  To the extent, however, a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations.  The cited transcript of the Illumina AGBT Investor Session     (https://s24.q4cdn.com/526396163/files/doc_events/2025/Feb/25/ILMN-AGBT-2025-Investor-Session-Transcript-02-25-2025-vF.pdf), speaks for itself and Plaintiffs' characterizations of the website are statements of opinion to which no response is required.  To the extent, however, a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 26.

27.     Illumina's     website     (https://www.illumina.com/techniques/sequencing/rna-sequencing/spatial-transcriptomics/technology.html#:~:text=How%20Illumina%20spatial%20technology%20works,to%20large%2Dscale%20research%20projects.) speaks for itself and Plaintiffs' characterizations of the website are statements of opinion to which no response is required.  To the extent, however,

a response is required regarding Plaintiffs' characterizations, Illumina denies those characterizations. Except as so admitted, Illumina denies any remaining allegations of Paragraph 27.

### C. The Asserted Patents

28.     Illumina admits that, on their face, the Asserted Patents claim priority to U.S. patent application No. 13/080,616. Illumina admits that, on its face, U.S. patent application No. 13/080,616 claims priority to U.S. provisional patent application 61/321,124. Illumina admits that, on their face, the Asserted Patents list Mark Chee as the inventor. Illumina admits that, on their face, the Asserted Patents are titled "Spatially Encoded Biological Assays." Illumina admits that, on their face, the Asserted Patents are assigned to Prognosys Biosciences, Inc. Illumina lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and therefore denies them. Except as so admitted, Illumina denies any remaining allegations of Paragraph 28.

29.     Illumina admits that what purports to be a copy of the 607 Patent is attached as Exhibit 1. Illumina admits that what purports to be a copy of the 138 Patent is attached as Exhibit 2. Illumina admits that what purports to be a copy of the 505 Patent is attached as Exhibit 3. Illumina admits that what purports to be a copy of the 487 Patent is attached as Exhibit 4.

### 1. The 607 Patent

30.     Illumina admits that Plaintiffs have reproduced the text of Claim 1 of the 607 Patent in Paragraph 30.

31.     Illumina admits that during prior district court proceedings NanoString raised certain written description defenses with respect to the 607 patent that were unsuccessful at the trial court level but were ultimately never resolved on appeal by the Federal Circuit. Illumina further admits that the district court judge ordered an injunction with respect to certain NanoString

products, a result that again was never addressed by the Federal Circuit.  Illumina otherwise lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies them.

32.     The claims of the 607 Patent speak for themselves and to the extent the allegations of Paragraph 32 of the Complaint distort or mischaracterize those claims they are denied.  Illumina admits that Paragraph 32 of the Complaint purports to quote the 607 Patent.  Illumina denies that the claims in the Asserted Patents, including the 607 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 32 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 32.

33.     Illumina admits that Paragraph 33 of the Complaint purports to quote the 607 Patent.  Illumina denies that the claims in the Asserted Patents, including the 607 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 33 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 33.

34.     Illumina admits that Paragraph 34 of the Complaint purports to quote the 607 Patent.  Illumina denies that the claims in the Asserted Patents, including the 607 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 34 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 34.

35.     Illumina admits that Paragraph 35 of the Complaint purports to quote the 607 Patent.  Illumina denies that the claims in the Asserted Patents, including the 607 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 35 of the Complaint are legal

conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 35.

36.     Illumina admits that Paragraph 36 of the Complaint purports to quote the 607 Patent.  Illumina denies that the claims in the Asserted Patents, including the 607 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 36 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 36.

37.     Illumina denies that the claims in the Asserted Patents, including the 607 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 37 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 37.

38.     Illumina admits that Exhibit 9 purports to be an Application for Federal Assistance (SF 424 (R & R)) submitted by Prognosys Biosciences, Inc.  Illumina admits that Paragraph 38 of the Complaint purports to quote language from Exhibit 9.  Illumina denies that the claims of the Asserted Patents, including the 607 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 38 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 38.

39.     Illumina admits that Exhibit 10 purports to be a Summary Statement from Charles Edmonds at NIH to Prognosys Biosciences, Inc.  Illumina admits that Paragraph 39 of the Complaint purports to quote language from Exhibit 10.  Illumina denies that the claims of the Asserted Patents, including the 607 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 39 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 39.

40. The claims of the 607 Patent speak for themselves and to the extent the allegations of Paragraph 40 of the Complaint distort or mischaracterize those claims they are denied. Illumina denies that the claims in the Asserted Patents, including the 607 Patent, contain any patentable invention. To the extent the allegations in Paragraph 40 of the Complaint are legal conclusions, no response is required. Except as so admitted, Illumina denies any remaining allegations of Paragraph 40.

## 2. The 138 Patent

41. Illumina admits that Plaintiffs have reproduced the text of Claims 1 and 17 of the 138 Patent in Paragraph 41.

42. Illumina lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies them.

43. The claims of the 138 Patent speak for themselves and to the extent the allegations of Paragraph 43 of the Complaint distort or mischaracterize those claims they are denied. Illumina admits that Paragraph 43 of the Complaint purports to quote the 138 Patent. Illumina denies that the claims in the Asserted Patents, including the 138 Patent, contain any patentable invention. To the extent the allegations in Paragraph 43 of the Complaint are legal conclusions, no response is required. Except as so admitted, Illumina denies any remaining allegations of Paragraph 43.

44. Illumina admits that Paragraph 44 of the Complaint purports to quote the 138 Patent. Illumina denies that the claims in the Asserted Patents, including the 138 Patent, contain any patentable invention. To the extent the allegations in Paragraph 44 of the Complaint are legal conclusions, no response is required. Except as so admitted, Illumina denies any remaining allegations of Paragraph 44.

45. Illumina admits that Paragraph 45 of the Complaint purports to quote the 138 Patent. Illumina denies that the claims in the Asserted Patents, including the 138 Patent, contain

any patentable invention. To the extent the allegations in Paragraph 45 of the Complaint are legal conclusions, no response is required. Except as so admitted, Illumina denies any remaining allegations of Paragraph 45.

46. Illumina admits that Paragraph 46 of the Complaint purports to quote the 138 Patent. Illumina denies that the claims in the Asserted Patents, including the 138 Patent, contain any patentable invention. To the extent the allegations in Paragraph 46 of the Complaint are legal conclusions, no response is required. Except as so admitted, Illumina denies any remaining allegations of Paragraph 46.

47. Illumina admits that Paragraph 47 of the Complaint purports to quote the 138 Patent. Illumina denies that the claims in the Asserted Patents, including the 138 Patent, contain any patentable invention. To the extent the allegations in Paragraph 47 of the Complaint are legal conclusions, no response is required. Except as so admitted, Illumina denies any remaining allegations of Paragraph 47.

48. Illumina denies that the claims of the Asserted Patents, including the 138 Patent, contain any patentable invention. To the extent the allegations in Paragraph 48 of the Complaint are legal conclusions, no response is required. Except as so admitted, Illumina denies any remaining allegations of Paragraph 48.

49. The claims of the 138 Patent speak for themselves and to the extent the allegations of Paragraph 49 of the Complaint distort or mischaracterize those claims they are denied. Illumina denies that the claims in the Asserted Patents, including the 138 Patent, contain any patentable invention. To the extent the allegations in Paragraph 49 of the Complaint are legal conclusions, no response is required. Except as so admitted, Illumina denies any remaining allegations of Paragraph 49.

### 3. The 505 Patent

50.     Illumina admits that Plaintiffs have reproduced the text of Claim 1 of the 505 Patent in Paragraph 50.

51.     The claims of the 505 Patent speak for themselves and to the extent the allegations of Paragraph 51 of the Complaint distort or mischaracterize those claims they are denied.  Illumina admits that Paragraph 51 of the Complaint purports to quote the 505 Patent.  Illumina denies that the claims in the Asserted Patents, including the 505 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 51 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 51.

52.     Illumina admits that Paragraph 52 of the Complaint purports to quote the 505 Patent.  Illumina denies that the claims in the Asserted Patents, including the 505 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 52 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 52.

53.     Illumina admits that Paragraph 53 of the Complaint purports to quote the 505 Patent.  Illumina denies that the claims in the Asserted Patents, including the 505 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 53 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 53.

54.     Illumina admits that Paragraph 54 of the Complaint purports to quote the 505 Patent.  Illumina denies that the claims in the Asserted Patents, including the 505 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 54 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 54.

55.    Illumina admits that Paragraph 55 of the Complaint purports to quote the 505 Patent.  Illumina denies that the claims in the Asserted Patents, including the 505 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 55 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 55.

56.    Illumina denies that the claims of the Asserted Patents, including the 505 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 56 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 56.

57.    The claims of the 505 Patent speak for themselves and to the extent the allegations of Paragraph 57 of the Complaint distort or mischaracterize those claims they are denied.  Illumina denies that the claims in the Asserted Patents, including the 505 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 57 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 57.

### 4. The 487 Patent

58.    Illumina admits that Plaintiffs have reproduced the text of Claims 1 and 17 of the 487 Patent in Paragraph 58.

59.    The claims of the 487 Patent speak for themselves and to the extent the allegations of Paragraph 59 of the Complaint distort or mischaracterize those claims they are denied.  Illumina admits that Paragraph 59 of the Complaint purports to quote the 487 Patent.  Illumina denies that the claims in the Asserted Patents, including the 487 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 59 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 59.

60.     Illumina admits that Paragraph 60 of the Complaint purports to quote the 487 Patent.  Illumina denies that the claims in the Asserted Patents, including the 487 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 60 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 60.

61.     Illumina admits that Paragraph 61 of the Complaint purports to quote the 487 Patent.  Illumina denies that the claims in the Asserted Patents, including the 487 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 61 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 61.

62.     Illumina admits that Paragraph 62 of the Complaint purports to quote the 487 Patent.  Illumina denies that the claims in the Asserted Patents, including the 487 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 62 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 62.

63.     Illumina admits that Paragraph 63 of the Complaint purports to quote the 487 Patent.  Illumina denies that the claims in the Asserted Patents, including the 487 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 63 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 63.

64.     Illumina denies that the claims of the Asserted Patents, including the 487 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 64 of the Complaint

are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 64.

65.     The claims of the 487 Patent speak for themselves and to the extent the allegations of Paragraph 65 of the Complaint distort or mischaracterize those claims they are denied.  Illumina denies that the claims in the Asserted Patents, including the 487 Patent, contain any patentable invention.  To the extent the allegations in Paragraph 65 of the Complaint are legal conclusions, no response is required.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 65.

## COUNT I: ALLEGED INFRINGEMENT OF THE 607 PATENT

66.     Illumina incorporates by reference and restates its responses to paragraphs 1–65 of the Complaint as though fully set forth herein.

67.     Illumina admits that, on its face, the 607 Patent issued on May 18, 2021 and that it lists Prognosys Biosciences, Inc. as the assignee.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 67.

68.     Illumina admits that Exhibit 5 purports to be a copy of the assignment abstract and record of the 607 patent.  Illumina otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 68 and on that basis denies them.

69.     Denied.

70.     Denied.

71.     Illumina admits that it has not licensed any of the Asserted Patents at least because Illumina does not infringe any valid and enforceable Asserted Patents.  Illumina admits that U.S. Patent Pub. No. 2011/0245111 (now U.S. Patent No. 9,371,598) was identified by the U.S. Patent Office during the prosecution of Illumina's U.S. Pat. App. No. 15/747,670.  Illumina further admits

that Illumina received a letter purportedly sent by Plaintiffs on or about October 20, 2025, that identified the 607 Patent.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 71.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

## COUNT II: ALLEGED INFRINGEMENT OF THE 138 PATENT

78.    Illumina incorporates by reference and restates its responses to paragraphs 1–77 of the Complaint as though fully set forth herein.

79.    Illumina admits that, on its face, the 138 Patent issued on January 10, 2023 and that it lists Prognosys Biosciences, Inc. as the assignee.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 79.

80.    Illumina admits that Exhibit 6 purports to be a copy of the assignment abstract and record of the 138 patent.  Illumina otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80 and on that basis denies them.

81.    Denied.

82.    Illumina admits that it has not licensed any of the Asserted Patents at least because Illumina does not infringe any valid and enforceable Asserted Patents.  Illumina admits that U.S. Patent Pub. No. 2011/0245111(now U.S. Patent No. 9,371,598) was identified by the U.S. Patent Office during the prosecution of Illumina's U.S. Pat. App. No. 15/747,670.  Illumina further admits

that Illumina received a letter purportedly sent by Plaintiffs on or about October 20, 2025, that identified the 138 Patent.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 82.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

## COUNT III: ALLEGED INFRINGEMENT OF THE 505 PATENT

88.    Illumina incorporates by reference and restates its responses to paragraphs 1–87 of the Complaint as though fully set forth herein.

89.    Illumina admits that, on its face, the 505 Patent issued on February 25, 2025 and that it lists Prognosys Biosciences, Inc. as the assignee.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 89.

90.    Illumina admits that Exhibit 7 purports to be a copy of the assignment abstract and record of the 505 patent.  Illumina otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 90 and on that basis denies them.

91.    Denied.

92.    Denied.

93.    Illumina admits that it has not licensed any of the Asserted Patents at least because Illumina does not infringe any valid and enforceable Asserted Patents.  Illumina admits that U.S. Patent Pub. No. 2011/0245111(now U.S. Patent No. 9,371,598) was identified by the U.S. Patent Office during the prosecution of Illumina's U.S. Pat. App. No. 15/747,670.  Illumina further admits

that Illumina received a letter purportedly sent by Plaintiffs on or about October 20, 2025, that identified the 505 Patent.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 93.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

**COUNT IV: ALLEGED INFRINGEMENT OF THE 487 PATENT**

100.    Illumina incorporates by reference and restates its responses to paragraphs 1–99 of the Complaint as though fully set forth herein.

101.    Illumina admits that, on its face, the 487 Patent issued on May 13, 2025 and that it lists Prognosys Biosciences, Inc. as the assignee.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 101.

102.    Illumina admits that Exhibit 8 purports to be a copy of the assignment abstract and record of the 487 patent.  Illumina otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102 and on that basis denies them.

103.    Denied.

104.    Illumina admits that it has not licensed any of the Asserted Patents at least because Illumina does not infringe any valid and enforceable Asserted Patents.  Illumina admits that U.S. Patent Pub. No. 2011/0245111 (now U.S. Patent No. 9,371,598) was identified by the U.S. Patent Office during the prosecution of Illumina's U.S. Pat. App. No. 15/747,670.  Illumina further admits

that Illumina received a letter purportedly sent by Plaintiffs on or about October 20, 2025, that identified the 487 Patent.  Except as so admitted, Illumina denies any remaining allegations of Paragraph 104.

105.  Denied.

106.  Denied.

107.  Denied.

108.  Denied.

## RESPONSE TO PRAYER FOR RELIEF

Illumina denies that Plaintiffs are entitled to any relief whatsoever, including the relief stated in paragraphs A through H, from either Illumina or the Court.  Plaintiffs' prayer for relief should be denied in its entirety.

## AFFIRMATIVE DEFENSES

Illumina hereby sets forth defenses to the Complaint to place Plaintiffs on notice regarding applicable defenses.  By listing any matter as a defense herein, Illumina does not assume the burden of proving any matter upon which Plaintiffs, or any other party, bears the burden of proof under applicable law.

## FIRST DEFENSE – NON-INFRINGEMENT

1.  Illumina has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, willfully, or in any other manner any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY

2.  Illumina incorporates by reference and restates the preceding paragraph 1 of its Affirmative Defenses as though fully set forth herein.

3.      The asserted claims of the Asserted Patents are invalid for failing to comply with one or more of the requirements for patentability under, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

## THIRD DEFENSE – 35 U.S.C. § 287

4.      Illumina incorporates by reference and restates the preceding paragraphs 1–3 of its Affirmative Defenses as though fully set forth herein.

5.      Plaintiffs' patent infringement claims and Prayer for Relief are limited by 35 U.S.C. § 287.

## FOURTH DEFENSE – WAIVER, ESTOPPEL, LACHES

6.      Illumina incorporates by reference and restates the preceding paragraphs 1–5 of its Affirmative Defenses as though fully set forth herein.

7.      Plaintiffs' patent infringement claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and/or laches.

## FIFTH DEFENSE – ADEQUATE REMEDY AT LAW

8.      Illumina incorporates by reference and restates the preceding paragraphs 1–7 of its Affirmative Defenses as though fully set forth herein.

9.      Plaintiffs have an adequate remedy at law and the alleged injury to Plaintiffs is not immediate or irreparable.  Accordingly, Plaintiffs are not entitled to injunctive relief even if Plaintiffs were able to establish liability.

## SIXTH DEFENSE – NO EXCEPTIONAL CASE

10.      Illumina incorporates by reference and restates the preceding paragraphs 1–9 of its Affirmative Defenses as though fully set forth herein.

11.      Illumina has not engaged in any conduct that would make this an exceptional case or that would entitle Plaintiffs to an award of attorneys' fees.

## SEVENTH DEFENSE – NO WILLFUL INFRINGEMENT

12.    Illumina incorporates by reference and restates the preceding paragraphs 1–11 of its Affirmative Defenses as though fully set forth herein.

13.    Illumina has not acted knowingly or with willful blindness regarding any alleged infringement of the Asserted Patents, nor can Plaintiffs prove that Illumina has acted knowingly or with willful blindness.

## EIGHTH DEFENSE – FAILURE TO STATE A CLAIM

14.    Illumina incorporates by reference and restates the preceding paragraphs 1–13 of its Affirmative Defenses as though fully set forth herein.

15.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## NINTH DEFENSE – OTHER AFFIRMATIVE DEFENSES

16.    Illumina incorporates by reference and restates the preceding paragraphs 1–15 of its Affirmative Defenses as though fully set forth herein.

17.    Illumina hereby gives notice that it intends to rely upon any other defenses that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

## ILLUMINA'S COUNTERCLAIMS AGAINST 10X AND PROGNOSYS

In support of its counterclaims against Plaintiffs, Illumina alleges as follows:

## NATURE OF THE ACTION

1.      In response to Plaintiffs' allegations in the Complaint, Illumina seeks a declaratory judgment that it has not infringed the Asserted Patents and that the Asserted Patents are invalid, arising under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq*.

## THE PARTIES

2.      Plaintiff 10x is a Delaware corporation with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

3.      Plaintiff Prognosys is a Delaware corporation, with its principal place of business at 3960 West Point Loma Boulevard, Suite H, PMB 41250, San Diego, CA 92110.

4.      Illumina is a Delaware corporation with its principal place of business at 5200 Illumina Way, San Diego, California 92122.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over Illumina's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202.

6.      The Court has personal jurisdiction over Plaintiffs because Plaintiffs are Delaware corporations and consented to jurisdiction in this District by filing their Complaint in this action.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Plaintiffs are Delaware corporations and Plaintiffs have consented to this venue by filing their original Complaint in this action.

**FIRST COUNT**
**Declaration of Non-infringement of U.S. Patent No. 11,008,607**

8.      Illumina incorporates by reference and restates the preceding paragraphs 1–7 of its Counterclaims as though fully set forth herein.

9.      Plaintiffs have brought an action asserting the 607 Patent against Illumina.

10.      Plaintiff Prognosys has alleged it is the legal owner by assignment of the 607 Patent.

11.      Plaintiff 10x has alleged that it is the exclusive licensee of the 607 Patent.

12.      Plaintiffs have alleged and continue to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the 607 Patent.

13.      An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the 607 Patent.

14.      Illumina's products are not infringing directly, indirectly, contributorily, by inducement, or any other manner any valid and enforceable claim of the 607 Patent.

15.      By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the 607 Patent.

16.      A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**SECOND COUNT**
**Declaration of Non-infringement of U.S. Patent No. 11,549,138**

17.      Illumina incorporates by reference and restates the preceding paragraphs 1–16 of its Counterclaims as though fully set forth herein.

18.      Plaintiffs have brought an action asserting the 138 Patent against Illumina.

19.     Plaintiff Prognosys has alleged it is the legal owner by assignment of the 138 Patent.

20.     Plaintiff 10x has alleged that it is the exclusive licensee of the 138 Patent.

21.     Plaintiffs have alleged and continue to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the 138 Patent.

22.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the 138 Patent.

23.     Illumina's products are not infringing directly, indirectly, contributorily, by inducement, or any other manner any valid and enforceable claim of the 138 Patent.

24.     By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the 138 Patent.

25.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## THIRD COUNT
## Declaration of Non-infringement of U.S. Patent No. 12,234,505

26.     Illumina incorporates by reference and restates the preceding paragraphs 1–25 of its Counterclaims as though fully set forth herein.

27.     Plaintiffs have brought an action asserting the 505 Patent against Illumina.

28.     Plaintiff Prognosys has alleged it is the legal owner by assignment of the 505 Patent.

29.     Plaintiff 10x has alleged that it is the exclusive licensee of the 505 Patent.

30.     Plaintiffs have alleged and continue to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the 505 Patent.

31.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the 505 Patent.

32.     Illumina's products are not infringing directly, indirectly, contributorily, by inducement, or any other manner any valid and enforceable claim of the 505 Patent.

33.     By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the 505 Patent.

34.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## FOURTH COUNT
### Declaration of Non-infringement of U.S. Patent No. 12,297,487

35.     Illumina incorporates by reference and restates the preceding paragraphs 1–34 of its Counterclaims as though fully set forth herein.

36.     Plaintiffs have brought an action asserting the 487 Patent against Illumina.

37.     Plaintiff Prognosys has alleged it is the legal owner by assignment of the 487 Patent.

38.     Plaintiff 10x has alleged that it is the exclusive licensee of the 487 Patent.

39.     Plaintiffs have alleged and continue to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the 487 Patent.

40.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the 487 Patent.

41.     Illumina's products are not infringing directly, indirectly, contributorily, by inducement, or any other manner any valid and enforceable claim of the 487 Patent.

42.     By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the 487 Patent.

43.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**FIFTH COUNT**
**Declaration of Invalidity of U.S. Patent No. 11,008,607**

44.     Illumina incorporates by reference and restates the preceding paragraphs 1–43 of its Counterclaims as though fully set forth herein.

45.     Plaintiffs have brought an action asserting the 607 Patent against Illumina.

46.     Plaintiff Prognosys has alleged it is the legal owner by assignment of the 607 Patent.

47.     Plaintiff 10x has alleged that it is the exclusive licensee of the 607 Patent.

48.     Plaintiffs have alleged and continue to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the 607 Patent.

49.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the 607 Patent.

50.     The claims of the 607 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and/or the rules, regulations and laws pertaining thereto.  For example, the claims are anticipated and/or rendered obvious by the prior art, including at least U.S. Pub. No. 2005/0196786 ("Levy"), U.S. Pub. No. US 2011/0275077 ("James") and Lemaire, R., et al. "Tag-Mass: Specific Molecular Imaging of Transcriptome and Proteome by

Mass Spectrometry Based on Photocleavable Tag." Journal of Proteome Research, vol. 6, no. 6, June 2007, pp. 2057–67. DOI.org (Crossref), https://doi.org/10.1021/pr0700044 ("Lemaire").

51.    By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the 607 Patent.

52.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SIXTH COUNT
## Declaration of Invalidity of U.S. Patent No. 11,549,138

53.    Illumina incorporates by reference and restates the preceding paragraphs 1–52 of its Counterclaims as though fully set forth herein.

54.    Plaintiffs have brought an action asserting the 138 Patent against Illumina.

55.    Plaintiff Prognosys has alleged it is the legal owner by assignment of the 138 Patent.

56.    Plaintiff 10x has alleged that it is the exclusive licensee of the 138 Patent.

57.    Plaintiffs have alleged and continue to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the 138 Patent.

58.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the 138 Patent.

59.    The claims of the 138 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and/or the rules, regulations and laws pertaining thereto.  For example, the claims are anticipated and/or rendered obvious by the prior art, including at least U.S. Pub. No. 2005/0196786 ("Levy"), U.S. Pub. No. US 2011/0275077 ("James") and

Lemaire, R., et al. "Tag-Mass: Specific Molecular Imaging of Transcriptome and Proteome by Mass Spectrometry Based on Photocleavable Tag." Journal of Proteome Research, vol. 6, no. 6, June 2007, pp. 2057–67. DOI.org (Crossref), https://doi.org/10.1021/pr0700044("Lemaire").

60.    By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the 138 Patent.

61.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**SEVENTH COUNT**
**Declaration of Invalidity of U.S. Patent No. 12,234,505**

62.    Illumina incorporates by reference and restates the preceding paragraphs 1–61 of its Counterclaims as though fully set forth herein.

63.    Plaintiffs have brought an action asserting the 505 Patent against Illumina.

64.    Plaintiff Prognosys has alleged it is the legal owner by assignment of the 505 Patent.

65.    Plaintiff 10x has alleged that it is the exclusive licensee of the 505 Patent.

66.    Plaintiffs have alleged and continue to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the 505 Patent.

67.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the 505 Patent.

68.    The claims of the 505 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and/or the rules, regulations and laws pertaining thereto.  For example, the claims are anticipated and/or rendered obvious by the prior art, including

at least U.S. Pub. No. 2005/0196786 ("Levy"), U.S. Pub. No. US 2011/0275077 ("James") and Lemaire, R., et al. "Tag-Mass: Specific Molecular Imaging of Transcriptome and Proteome by Mass Spectrometry Based on Photocleavable Tag." Journal of Proteome Research, vol. 6, no. 6, June 2007, pp. 2057–67. DOI.org (Crossref), https://doi.org/10.1021/pr0700044. ("Lemaire").

69.     By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the 505 Patent.

70.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## EIGHTH COUNT
## Declaration of Invalidity of U.S. Patent No. 12,297,487

71.     Illumina incorporates by reference and restates the preceding paragraphs 1–70 of its Counterclaims as though fully set forth herein.

72.     Plaintiffs have brought an action asserting the 487 Patent against Illumina.

73.     Plaintiff Prognosys has alleged it is the legal owner by assignment of the 487 Patent.

74.     Plaintiff 10x has alleged that it is the exclusive licensee of the 487 Patent.

75.     Plaintiffs have alleged and continue to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the 487 Patent.

76.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the 487 Patent.

77.     The claims of the 487 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and/or the rules, regulations and laws pertaining

thereto.  For example, the claims are anticipated and/or rendered obvious by the prior art, including at least U.S. Pub. No. 2005/0196786 ("Levy"), U.S. Pub. No. US 2011/0275077 ("James") and Lemaire, R., et al. "Tag-Mass: Specific Molecular Imaging of Transcriptome and Proteome by Mass Spectrometry Based on Photocleavable Tag." Journal of Proteome Research, vol. 6, no. 6, June 2007, pp. 2057–67. DOI.org (Crossref), https://doi.org/10.1021/pr0700044. ("Lemaire").

78.     By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the 487 Patent.

79.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## **REQUEST FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint and having asserted Affirmative Defenses, and Counterclaims, Illumina respectfully requests the following relief:

A.     That this Court enter judgment on Plaintiffs' Complaint and Illumina's Counterclaims in favor of Illumina, against Plaintiffs, with Plaintiffs being awarded no relief of any kind in this action;

B.     That this Court enter judgment and/or declarations that Illumina does not infringe the Asserted Patents and that the Asserted Patents are invalid;

C.     That this Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Illumina its attorneys' fees and prejudgment and post-judgment interest;

D.     That this Court award Illumina all of its costs of this action; and

E.     That this Court grant such other and further relief as the Court shall deem just and proper.

Dated: December 29, 2025

*Of Counsel:*

Edward R. Reines
**JONES DAY**
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3982
ereines@jonesday.com

Derek C. Walter
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
(415) 875-5791
dwalter@jonesday.com

Lisa Furby
**JONES DAY**
110 N Wacker, Suite 4800
Chicago, Illinois 60606
(312) 269-1525
lfurby@jonesday.com

McCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
McCarter & English, LLP
405 N. King St., 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendant*